

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/08/2014

| | | |
|---|---|---|
| IN RE: § | | |
| CHARLES DENTON COWAN § | CASE NO: 14-30389 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| DANA COWAN § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 14-03110 | |
| § | | |
| CHARLES DENTON COWAN § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Plaintiff's motion for summary judgment is granted. (Case No. 14-30389, ECF No. 15).

## Background

The following facts are undisputed: Charles Denton Cowan and Dana Cowan were divorced in the case styled *In the Matter of the Marriage of Dana M. Cowan and Charles D. Cowan and in the Interest of G. Cowan, a Child*, in the District Court, 12th Judicial District, Grimes County, Texas, Case No. 2806. A final Decree of Divorce was entered on July 20, 2009. Mr. Cowan filed a chapter 13 bankruptcy case on January 17, 2014. (Case No. 14-30389, ECF No. 1). The Divorce Decree requires Mr. Cowan to pay "Court-Ordered Maintenance" of $2,500.00 per month to Ms. Cowan "until the earliest of one of the following events: (1) Another man moves into the house; located at 8208 County Road 202, Plantersville, TX, 77363 and cohabitates with Dana M. Cowan; (2) death of either Petitioner or Respondent; (3) remarriage of Dana M. Cowan; (4) further orders of the Court affecting the spousal maintenance obligation, including a finding of cohabitation by Dana M. Cowan; or (5) [the parties' daughter] turns 18 years of age." (ECF No. 15-2 at 37). None of these events have occurred.

The Divorce Decree also requires Mr. Cowan to pay the balance due on a promissory note payable to Chase Bank and secured by a deed of trust on the real property located at 8202 C.R. 202, Plantersville, Texas 77363. (*Id*. at 35). The Divorce Decree awarded ownership of the home to Ms. Cowan. (*Id*. at 33). Ms. Cowan and her two children have lived in the home since the Divorce Decree. Mr. Cowan's obligation to pay the mortgage note ceases upon the earliest of the following to occur: "(1) [the parties' daughter] turns 18 on August 10, 2017; (2) [the parties' daughter] graduates from high school; (3) another man moves into the house located at 8208 County Road 202 Plantersville, TX 77363 and cohabitates with Dana M. Cowan; or (4) Dana M. Cowan remarries." (*Id*. at 35). None of these events have occurred.

On September 30, 2013, Chase Bank issued an "Acceleration Warning (Notice of Intent to Foreclose)" to Mr. Cowan because of his failure to make payments on the mortgage note. (ECF No. 15-9 at 1). Ms. Cowan has paid a total of $11,535.72 to Chase Bank to prevent foreclosure of the home. The Divorce Decree requires Mr. Cowan to indemnify Ms. Cowan and hold her and her property harmless from Mr. Cowan's failure to discharge his obligation to pay the mortgage note. (ECF No. 15-2 at 34-35, 42). Ms. Cowan has also incurred attorney fees in her attempt to enforce the mortgage payment obligation and the spousal support obligation.

On April 9, 2014, Ms. Cowan filed an Original Complaint against the debtor, Mr. Cowan. (ECF No. 1). On July 2, 2014, Ms. Cowan filed a motion for summary judgment requesting that the Court (i) characterize the defendant's monthly $2,500.00 spousal support obligation and mortgage payment obligation as domestic support obligations under 11 U.S.C. § 101(14A); (ii) that both obligations be declared non-dischargeable; and (iii) that her attorney fees incurred to enforce payment of the obligations be declared non-dischargeable. (ECF No. 15). On July 23, 2014, Mr. Cowan filed a response in opposition of the motion. (ECF No. 19).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

11 U.S.C. § 523(a)(5) precludes a debtor from receiving a discharge on a debt for a domestic support obligation. An obligation is a domestic support obligation if the obligation is (1) owed to or recoverable by a spouse or former spouse; (2) in the nature of alimony, maintenance, or support of such spouse or former spouse, or child of the debtor; (3) established by reason of applicable provisions of a separation agreement, divorce decree, or order of a court of record; and (4) not assigned to a nongovernmental entity. 11 U.S.C. § 101(14A).

The Court finds that the spousal support and mortgage payment obligations are domestic support obligations.

Bankruptcy courts in the Fifth Circuit have found that a debtor's obligation to make mortgage payments on a home awarded to his or her former spouse is a domestic support obligation. *E.g. In re Kessel*, 261 B.R. 902 (Bankr. E.D. Tex. 2001); *In re Martinez*, 230 B.R. 314 (Bankr. W.D. Tex. 1999).

Whether a particular obligation constitutes alimony, maintenance, or support within the meaning of this section is a matter of federal bankruptcy law, not state law. *In re Biggs*, 907 F.2d 503, 504 (5th Cir. 1990). When the parties dispute the nature of the debt, bankruptcy courts must consider the factors relevant to characterizing the debt and determine the parties' intent in imposing the obligation. *See In re Billingsley*, 93 B.R. 476, 477 (Bankr. N.D. Tex. 1987) (internal citations omitted) ("The primary issue in determining whether the obligation is for support and maintenance or a part of a property division is the intent of the parties, *i.e.,* whether the obligation was intended as an equalization of property rights or support and maintenance. Because this is subjective, the courts have established a list of factors to be considered in determining the intent of the parties.").

In *In re Joseph,* the Fifth Circuit set forth a nonexclusive list of factors which bankruptcy courts should review in deciding whether a divorce obligation constitutes alimony, maintenance, or support. *In re Joseph*, 16 F.3d 86, 88 (5th Cir. 1994). The considerations include (i) the parties' disparity in earning capacity, (ii) their relative business opportunities, (iii) their physical condition, (iv) their educational background, (v) their probable future financial needs, and (vi) the benefits each party would have received had the marriage continued. (*Id.* at 88). These factors are to be considered as of the date of the divorce, not at the time of the dischargeability proceeding.

These factors are particularly important in states such as Texas where no permanent alimony exists. In *In re Joseph,* the Fifth Circuit noted that "[i]n Texas, support in the future can play a significant role in the divorce court's property division and ... what may appear to be a mere division of assets may in fact ... contain a substantial element of alimony-substitute, support or maintenance, however termed. Thus, we must place substance over form to determine the true nature and purpose of the award, regardless of the label used." *In re Joseph*, 16 F.3d 86, 87-88 (5th Cir. 1994) (internal citations omitted).

Mr. Cowan argues that (i) the obligations are not "alimony, maintenance, or support" as a matter of law because they are contractual agreements; and alternatively, (ii) there is a genuine issue of material fact as to whether the factors outlined in *In re Joseph* favor characterizing this obligation as a domestic support obligation. The Court rejects both arguments.

Mr. Cowan cites to *Schwartz v. Schwartz*, 247 S.W.3d 804 (Tex. App. 2008) and *McCollough v. McCollough*, 212 S.W.3d 638 (Tex. App. 2006) in support of his argument that contractual agreements for spousal support cannot be obligations for "alimony, maintenance, or support" under the Bankruptcy Code. However, these cases merely state that alimony that does

not comply with Chapter 8 of the Texas Family Code is contractual and cannot be enforced by contempt. Rather, they are enforced as any civil contract. As mentioned above, whether a particular obligation constitutes alimony, maintenance, or support is a matter of federal bankruptcy law, not state law.

The Fifth Circuit has rejected the argument that "because a Texas court would characterize the obligation under the Agreement as contractual, the debt is not actually in the nature of alimony, maintenance, or support." *In re Biggs*, 907 F.2d 503, 505 (5th Cir. 1990) (internal citations omitted). In *In re Biggs*, the Fifth Circuit affirmed the district court's finding that an "obligation arising out of [an] Agreement was in the true nature of alimony, maintenance, or support." *In re Biggs*, 907 F.2d 503, 504 (5th Cir. 1990). *In re Biggs* is binding precedent that rejects the argument made by Mr. Cowan.

In *In re Dennis*, the Fifth Circuit made it clear that the proper characterization of an obligation under Texas law does not dictate how the obligation is characterized under the bankruptcy code. In that case, the Court held that an obligation characterized as part of a property settlement under Texas law constituted an obligation for "alimony, maintenance, or support." *In re Dennis*, 25 F.3d 274, 279 (5th Cir. 1994) ("The divorce decree, to be consistent with *Texas law,* could characterize the property distribution as nothing other than a property settlement.").

As for Mr. Cowan's second argument, he has failed to show that there is a genuine issue of material fact as to whether the spousal support or the mortgage payment obligations are domestic support obligations.

The parties' agreement, incorporated into the Divorce Decree, contains separate sections for "Division of Marital Estate," "Court-Ordered Maintenance," and "Division of Debt." (ECF

No. 15-2 at 31, 35, 37). The "Court-Ordered Maintenance" section of the agreement outlines Mr. Cowan's monthly $2,500.00 spousal support obligation. The "Division of Debt" section contains Mr. Cowan's obligation to pay the mortgage.

Mr. Cowan asks the Court to consider the *Joseph* factors to allocate Mr. Cowan's obligations between property division and support obligations. His argument misses the point. The *Joseph* factors do not come into play until there is a bona fide dispute as to whether the obligation is mischaracterized in the divorce decree. Mr. Cowan never alleges that the divorce decree mischaracterizes the obligations. Instead, he asks that the Court apply the *Joseph* factors to create an equitable result. That position is inconsistent with the statute. If the obligation is a domestic support obligation, it is not dischargeable. There is no equitable test.

In this case, Mr. Cowan does not assert that the monthly payment obligations are payments made pursuant to a division of martial property. Mr. Cowan never denies that the parties' intended purpose for the obligations was to support Ms. Cowan. He fails to assert a theory as to why these obligations are not in the nature of alimony, maintenance, or support. Defendant merely contends that there are fact issues relating to some of the *Joseph* factors (i.e. whether Ms. Cowan had a college degree at the time of the divorce). The Court cannot conclude that there is a genuine issue of material fact as to the characterization of the debt when the defendant hasn't even alleged that the parties intended the obligations to relate to a division of property rights.

Accordingly, the spousal support and mortgage payment obligations are domestic support obligations and are therefore non-dischargeable under § 523(a)(5).

**Attorney Fees**

Mr. Cowan does not dispute that Ms. Cowan incurred attorney fees to enforce the spousal support and mortgage payment obligations. Accordingly, these fees are non-dischargeable to the extent that they were incurred to enforce these non-dischargeable domestic support obligations.

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **September 5, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE